BANKERS TRUST COMPANY, etc., Plaintiff, *v.* NEW YORK FOUNDLING HOSPITAL et al., Defendants.

Supreme Court, New York Special Term, October, 1923.

Wills — construction — trusts for benefit of testator's children by division of residuary estate into six equal parts — portion whence income was to be derived passed to next lawful heirs on death of any child — will of surviving child gave residuary estate to designated legatees, including sixth part of her father's estate set apart for her for life — state claimed this part by escheat — absolute ownership thereof became vested eo instanti the testator's death in all of his children in equal shares, he having died intestate as to the remainder held in trust for the surviving child — surviving child may dispose of her one-sixth part under her will.

The will of testator, who died survived by eight children all of whom were living when the will was made, directed the division of his residuary estate into six equal parts, each of which was to be a separate fund for income to be paid to each of six of said children during their lives. Upon the death of any of them the part from whence said income was to be derived was to pass to the next lawful heirs of said child. At the time of the several deaths of six of the eight children of testator they left as their only heirs at law and next of kin their then surviving brothers and sisters and none other. Thereafter a son of the testator died, leaving no widow and as his only heir and next of kin a sister who thereafter became entitled to the one-sixth part of the corpus of the estate held in trust for her deceased brother. Later she died, leaving her surviving neither husband, heir nor next of kin. She left a will under which her residuary estate was given to designated legatees. Among the property disposed of by the residuary clause of said will was included the sixth part of the estate of her father set apart for her life under the terms of his will, and while her residuary legatees asserted their right thereto, the state claimed it by escheat because the testatrix left her surviving no " lawful heirs." In an action for the construction of testator's will and to have it determined in whom the property in question vested and who was entitled thereto, *held*, that as to the remainder held in trust for the surviving child of testator, the testator died intestate, and that under well-established rules of construction the absolute ownership thereof became vested *eo instanti* the testator's death in all his children in equal shares, though the enjoyment was postponed until the life estate fell in, and that the surviving child became entitled to the whole thereof and that by her will it passed to her residuary legatees.

PROCEEDING to construe a will.

*Lord, Day & Lord,* for plaintiff.

*C. A. Harding,* for defendants.

ERLANGER, J.   Bernard Graham at the time of the factum of his will had eight children, and at the time of his death he left them all surviving him.   For two of his sons he provided that during their lives a small annuity be paid to them.   Upon their death the amount invested to produce such annuities was to revert to and become part of his estate.   He then directed that his residuary estate be divided into six equal parts and that the yearly income of each part be semi-annually paid to each of his other six children during their lives " so that each one-sixth part be a separate fund for income for each of said last named six children during life exclusively."   Upon the death of any or either of said six children the portion or portions from whence the income was directed to be applied was to pass to the next lawful heirs of the child or children so dying.   The trusts were set up as directed.   Six of the eight children died prior to the 16th day of August, 1895, leaving at the time of their several deaths as their only heirs at law and next of kin the then surviving brothers and sisters and none other. On the latter date William H. J. Graham, the seventh child, died, leaving no widow and leaving as his only heir and next of kin his sister, Mary T. Hillyer, and she became entitled to that one-sixth part of the corpus of the estate which had theretofore been held in trust for her said deceased brother.   On May 29, 1896, Mary T. Hillyer died, leaving her surviving neither husband, heir nor next of kin, and with her death the family stock became extinct. This last child of the testator left a will in and by which, after certain bequests, she gave her entire residuary estate to the three institutions designated by her in the 4th clause of her will. Among the property so disposed of by her is included the one-sixth part set aside for her life.   The state claims this part by escheat, because Mary T. Hillyer at the time of her death left her surviving no one who could answer to the description of " lawful heirs," while on the other hand the three institutions assert a right to it by the aforesaid bequest to them.   This action was brought to have the will of Bernard Graham construed and to have determined in whom said property vested and who is entitled thereto.   That the said testator did not dispose of the remainder held in trust for the last survivor is admitted by all, and it is clear that as to that part he died intestate.   In whom, then, did the principal of that trust fund vest, and at what time?   Under the well-established rules of construction, the absolute ownership thereof became vested *eo instanti* the testator's death in all his children in equal shares. Though the vesting occurred at that time, enjoyment was postponed until the life estate fell in.   The record discloses no other heirs or next of kin save the eight children of the testator, and as no

attempt was made in the lifetime of any to dispose of their shares by will or otherwise, Mary T. Hillyer became entitled to the whole thereof, which was alienable and devisable by her. That she was at the same time the beneficiary of the income did not affect her rights. We need not discuss the question as to whether or not before her death the lesser estate was merged in the greater, for the reason that she alone could assert that claim, but apparently never did so. My conclusion is that her will passed the property to the three beneficiaries.

Ordered accordingly.